**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone: (415) 488-8041
Facsimile: (415) 651-9700
*Attorneys for Plaintiff,*
Angeline Alexis

# UNITED STATES DISTRICT COURT
# FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANGELINE ALEXIS** <br><br> Plaintiff, <br><br> v. <br><br> **PENN CREDIT CORPORATION;** <br><br> Defendant | **Case No.:** 2:18-cv-10516 <br><br> **COMPLAINT FOR DAMAGES** <br><br> **DEMAND FOR JURY TRIAL** |

///

///

///

///

///

///

///

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. This is a case about a financially responsible woman who is being repeatedly contacted and harassed by a collections company via automated telephone calls regarding an unidentified debt that she does not owe.

2. **ANGELINE ALEXIS** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, punitive damages, attorney fees, and costs, against **PENN CREDIT CORPORATION** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (hereinafter "TCPA"), all of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint

includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 47 U.S.C. § 227, 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

8. This action arises out of Defendant's violations Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (hereinafter "TCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA").

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendant transact business here.

## FDCPA AND RFDCPA

10. In enacting the FDCPA, Congress found that:

a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses. 15 U.S.C. § 1692.

11. Similarly, when enacting the RFDCPA, the California Legislature found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Cal. Civil Code § 1788.1(a)(1).

12. The FDCPA and the RFDCPA are both strict liability statutes. That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional").

13. To further protect consumers, claims under the FDCPA and RFDCPA are to be judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard. *Gonzales* at 1061. This standard is lower than the "reasonable debtor" standard, and is specifically designed to protect consumers of below average and sophistication or intelligence. *Id.* In addition, a plaintiff need not even have actually been misled or deceived by the debt collector's communication. Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled. *Id.*; *see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

## PARTIES

14. Plaintiff is a natural person who resides in the County of Los Angeles, State of California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and by 15 U.S.C. § 1681a(c), "Debtor" as that term is defined by California Civil Code § 1788.2(h), and is a "Person" as that term is defined by the TCPA, 47 U.S.C. § 153(39), and is a subscriber to cellular telephone services within the United States.

15. Defendant Penn Credit Corporation (hereinafter "Defendant Penn") is a Pennsylvania corporation operating from an address of 2800 Commerce Drive, Harrisburg, PA 17110, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the

mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of California. Its principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

16. Defendant is a "person" as defined by the TCPA, 47 U.S.C. § 153(39).

17. Defendant does business as "Penn Credit" and "Penn Collection."

18. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

19. At all times relevant to this complaint, the Defendant used, controlled, and/or operated "automatic telephone dialing systems" (hereinafter "ATDS") as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

20. The Federal Communications Commission (FCC) was given the authority to issue orders implementing the TCPA. The FCC has issued an order that states:

> The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an

autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. **Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.** *In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd 559, 565 (F.C.C. 2007), paragraph 10. (Footnotes omitted, bold emphasis added.)

## FACTUAL ALLEGATIONS

21. Plaintiff is an individual residing in the County of Los Angeles in the State of California.

22. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted and continues to conduct business in the State of California.

23. Defendant's business consists solely of the acquisition and collection of delinquent consumer debts – it is a self-described nationwide accounts receivables management firm.

24. On or about October 22, 2018, Plaintiff received an unsolicited telephone call on her cell phone (from number ending in -1380) from Defendant via an artificial voice, requesting that the person called call Defendant back. The phone call did not identify who Defendant was looking for or why. The artificial voice identified itself as calling from Penn Credit.

25. Plaintiff researched "Penn Credit" and discovered that it was a debt collector, whereupon she became fearful that she was being pursued for a delinquent debt.

26. On or about November 13, 2018, Plaintiff received another unsolicited telephone

call on her cell phone number (from number ending in -1380) from Defendant, who this time left a voicemail using an artificial voice, again requesting that Plaintiff call the Defendant back. As before, the voicemail did not identify who Defendant was looking for or why. The artificial voice identified itself as calling from Penn Credit.

27. Plaintiff has received at least one additional phone call from Defendant between October 22, 2018 and the present, all using the same artificial voice with no identification of who Defendant is looking for or why. The artificial voice identified itself as calling from Penn Credit each time.

28. Plaintiff has had this cell phone number for 10-12 years and has never received any phone calls from Defendant prior to 2018.

29. Plaintiff has lived at her current address for seven years, and has received no communications from Defendant via letter.

30. Plaintiff has never had a business relationship with Defendant. Plaintiff has never provided her cell phone number or written consent to dial her cell phone number to Defendant.

## ACTUAL DAMAGES

31. Plaintiff purchased a phone number blocker in order to avoid phone calls from the Defendant, because Defendant continued to call.

32. Plaintiff has suffered actual damages as a result of these illegal collection and intimidation tactics by this Defendant in the form of, loss of telecommunications,

charges for cellular phone usage, invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF § 1692B OF THE FDCPA

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. A debt collector violates § 1692b(3) of the FDCPA when it communicates with any person other than the consumer more than once, unless requested to do so by such person or unless the debt collector reasonable believes the earlier response of such person is erroneous or incomplete.

35. Defendant violated §1692b when it communicated with the Plaintiff, who does not owe any debt to Defendant, more than once without being requested to do so.

### COUNT II

### VIOLATION OF § 1692C OF THE FDCPA

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. A debt collector violates §1692c(b) of the FDCPA when it communicates with

a third party in connection with the collection of any debt without direct prior consent of the consumer to the debt collector, the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy.

38. Defendant violated § 1692c when it communicated with the Plaintiff, who does not owe any debt to Defendant, at least three times in connection with the collection of a debt.

39. To the best of Plaintiff's knowledge, there was no prior consent of any consumer given directly to Defendant to contact the Plaintiff, there was no express permission of a court of competent jurisdiction to contact the Plaintiff, and contacting the Plaintiff is not reasonably necessary to effectuate a post judgment judicial remedy.

## COUNT III

### VIOLATION OF § 1692D OF THE FDCPA

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. A debt collector violates § 1692d of the FDCPA when it engages in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

42. Defendant violated § 1692d when it, among other qualifying actions and omissions, willfully annoyed, abused, harassed Plaintiff, and placed telephone

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

calls to Plaintiff without meaningful disclosure of Defendants' identity as a debt collector.

## COUNT IV

### VIOLATION OF § 1788.11(B) OF THE RFDCPA

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. A defendant violates § 1788.11(b) of the RFDCPA when it places telephone calls without disclosure of the caller's identity.

45. Defendant violated § 1788.11(b) of the RFDCPA when, on at least three occasions, it willfully placed telephone calls to Plaintiff without meaningful disclosure of Defendant's identity as a debt collector.

## COUNT V

### VIOLATION OF § 1788.11(D) OF THE RFDCPA

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. A defendant violates § 1788.13(a) of the RFDCPA when it causes a telephone to ring repeatedly or continuously to annoy the person called.

48. Defendant violated § 1788.13(a) of the RFDCPA when it called Plaintiff at least three times using an artificial voice to leave voicemails or "speak" to the Plaintiff, causing the phone to ring and annoy the Plaintiff.

## COUNT VI

### VIOLATION OF § 1788.17 OF THE RFDCPA

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. A defendant violates § 1788.17 of the RFDCPA when it fails to comply with the provisions of 15 U.S.C. § 1692b to 1692j, inclusive.

51. Defendants violated § 1788.17 of the RFDCPA when they willfully engaged in conduct, the natural consequence of which the violation of 15 U.S.C. § 1692b, § 1692c, and § 1692d.

### COUNT VII

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. § 227 ET SEQ.

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. A person violates the TCPA when they contact or attempt to contact a person via an artificial voice without prior express written consent from the recipient or any statutory exception.

54. Defendant violated the TCPA when they contacted and/or attempted to contact Plaintiff via an artificial voice without prior express written consent from Plaintiff.

### COUNT VIII

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

**TELEPHONE CONSUMER PROTECTION ACT (TCPA)**

**47 U.S.C. § 227 ET SEQ.**

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. A person violates the TCPA when they knowingly or willfully contact or attempt to contact a person via an artificial voice without prior express written consent from the recipient or any statutory exception.

57. Defendant violated the TCPA when they knowingly and/or willfully contacted and/or attempted to contact Plaintiff via an artificial voice without prior express written consent from Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

a) Award for pre-judgment interest against Defendant and for Plaintiff, and,

b) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against Defendant and for Plaintiff, and,

c) Award of statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against Defendant and for Plaintiff, and,

d) Award of statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against Defendant and for Plaintiff, and,

e) Award of statutory damages in the amount of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. 227(b)(3)(B) against Defendant and for Plaintiff, and,

f) Award of statutory damages in the amount of $1,500.00 for each and every willful or knowing violation of the TCPA pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C) against Defendant and for Plaintiff, and,

g) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against Defendant and for Plaintiff, and,

h) Award to Plaintiff of such other and further relief as may be just and proper.

### TRIAL BY JURY IS DEMANDED.

58. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

**THE CARDOZA LAW CORPORATION**

DATED: December 19, 2018

BY: /s/Lauren B. Veggian
MICHAEL F. CARDOZA, ESQ.
LAUREN B. VEGGIAN, ESQ.
ATTORNEYS FOR PLAINTIFF,
ANGELINE ALEXIS